```
              UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF RHODE ISLAND
```

In re:

    KIMBERLY A. MARQUES                        BK-18-12025
          Debtor                                  CHAPTER 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on February 13, 2019. Debtor(s) filed a Certificate of Service on February 14, 2019, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties as set forth in the summary and disbursements and addendum attached hereto and incorporated herein. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 60 months.

2. The motion to modify the secured claim of TD Retail Card Services is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed modification of the secured claim in favor of TD Retail Card Services on the Debtor's furniture shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3. The motion to avoid the lien N/A

4. The motion to assume/reject the lease N/A.

5. In addition to pre-confirmation payments required to be paid by the Debtor, the Debtor shall pay to the Office of the Chapter 13 Trustee, 400 Westminster Street, Box 12, Providence, Rhode Island 02903, the sum of $1,167.00 per month for 57 months beginning April 2019.

6. The effective date of confirmation of the Plan is March 27, 2019.

7. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

8. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

10. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on March 27, 2019 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

_____
Diane Finkle
Unites States Bankruptcy Judge

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Ms. Kimberly A. Marques, 34 Sachem Street, Warren, RI 02885 and electronically mailed to John S. Simonian, Esq. at jslaw@cox.net on April 1, 2019.

/s/ Theresa S. French

In re:    KIMBERLY A. MARQUES                                BK-18-12025

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

All disbursements set below and out in this Order Confirming Plan will be made only upon the filing of a proof of claim duly proved and allowed by the Court.

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B.  ADMINISTRATIVE CLAIMS

   Attorney's fees due to John S. Simonian, Esq. in the amount of $3,100.00 shall be paid first.

C.  PRIORITY CLAIMS

   None

D.  SECURED CLAIMS

   TD Retail Card Services will be paid its modified secured claim (Amended Claim No. 3-1 filed February 5, 2018) at the rate of $58.70 per month for 60 months.

   Greenwood Credit Union will be paid its pre-petition secured loan arrearage in the amount of $288.55 as set out in claim no. 2-1 filed January 18, 2019.

   The Debtor shall also be responsible for the ongoing monthly mortgage payments due to Home Point Financial and the ongoing monthly secured loan payments due to Fall River Municipal Credit Union and Greenwood Credit Union outside the Plan.

E.  UNSECURED CLAIMS

   All unsecured creditors shall receive 100% of the amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

   None

```
In re:    KIMBERLY A. MARQUES                              BK-18-12025
```

<u>ADDENDUM</u>

The Plan as filed has been modified by the terms of this Order as follows:

None